IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-897-D

| | |
|---|---|
| MOHAMED EMAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CVS FOUNDATION, INC., ) <br> CVS PHARMACY, INC., ) <br> and CVS RX SERVICES, INC., ) <br> ) <br> Defendants. ) | **ORDER** |

On December 21, 2016, defendants CVS Foundation, Inc., CVS Pharmacy, Inc., and CVS Rx Services, Inc., ("CVS" or "defendants"), filed a joint motion to dismiss and to compel arbitration of Mohamed Emam's ("Emam" or "plaintiff") claims [D.E. 12]. On January 13, 2017, Emam responded in opposition [D.E. 19]. On January 27, 2017, defendants moved to strike the affidavits of Larry V. Powell and Mohamed Emam [D.E. 20]. On January 27, 2017, defendants replied to Emam's response in opposition [D.E. 22].

The arbitration policy at issue provides (among other things) that:

1. <u>Mutual Obligation to Arbitrate.</u> Under this Policy, CVS Health (including its subsidiaries) and its Employees agree that any dispute between an Employee and CVS Health that is covered by this Policy ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in this Policy. This Policy is an agreement to arbitrate disputes covered by the Federal Arbitration Act (9 U.S.C. §§ 1-16). Employees accept this Policy by continuing their employment after becoming aware of the Policy.

2. <u>Claims Covered by This Policy.</u> Except as otherwise stated in this Policy, Covered Claims are any and all legal claims, disputes or controversies that CVS Health may have, now or in the future, against an Employee or that an Employee may have, now or in the future, against CVS Health, its parents, subsidiaries, successors or affiliates, or one of its employees or agents, arising out of or related to the Employee's employment with CVS Health or the termination of the Employee's employment.

> Covered Claims include but are not limited to disputes regarding ... harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act ... and other federal, state and local statutes, regulations and other legal authorities relating to employment.
>
> Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Policy, except as provided below regarding the Class Action Waiver.

[D.E. 13-1] 7–8. Emam has not plausibly alleged that defendants obtained the arbitration policy by fraud or overreaching. See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Scherk v. Alberto-Culver Co., 417 U.S. 506, 519–20 (1974); cf. Fed. R. Civ. P. 9(b). Moreover, North Carolina public policy and North Carolina contract law do not invalidate the arbitration clause. See, e.g., M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9–12 (1972); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275–76 (4th Cir. 1997); Johnson v. Circuit City Stores, 148 F.3d 373, 377–79 (4th Cir. 1998); Howard v. Oakwood Homes Corp., 134 N.C. App. 116, 121–22, 516 S.E.2d 879, 881–83 (1999). Finally, Emam has not plausibly alleged that the claims at issue are not suitable for arbitration. See, e.g., Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 67–75 (2010); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443–46 (2006); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91–92 (2000).

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration ...." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983); see Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996). Plaintiff's claims fall within the arbitration clause. Moreover, even if the language is ambiguous, any doubt is resolved in favor of arbitration. See, e.g., Moses H. Cone Mem'l Hosp., 460 U.S. at 24–25; Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 711 (4th Cir. 2001). Accordingly, all of plaintiff's claims are arbitrable. See Peabody Holding Co. v. United Mine Workers of Am., Int'l Union, 665 F.3d 96, 104–07 (4th Cir. 2012); Porter Hayden Co. v. Century Indem. Co., 136 F.3d 380, 381–82 (4th Cir. 1998);

Nat'l Ass'n of Assoc. Publishers v. Prince Publ'g, Inc., No. 6:96-CV-1063, 1997 WL 34588520, at *2–4 (M.D.N.C. May 8, 1997) (unpublished). Thus, defendants' motion to compel arbitration is granted.

In sum, the court DENIES defendants' motion to dismiss without prejudice and GRANTS defendants' motion to compel arbitration. See [D.E. 12]. The court GRANTS defendants' motion to strike [D.E. 20].

SO ORDERED. This 10 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge